UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELLMUNTH ANDRES STACEY HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-03879-DAD-CSK<br><br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT<br><br>(Doc. Nos. 1, 2) |

On May 20, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") (Doc. No. 1) and a motion for temporary restraining order requesting an order that he not be transferred outside of this judicial district while his habeas petition is pending (Doc. No. 2). In support of his petition, petitioner has provided evidence of the following facts via sworn declaration.

Petitioner entered the United States on or about June 29, 2022. (Doc. No. 1 at 11.) Upon entering the United States, petitioner was detained for fourteen days before being paroled. (*Id.* at 11.) Petitioner was re-detained on March 26, 2026, without notice of the reason for his re-detention or an opportunity to be heard. (*Id.* at 12.) Prior to his re-detention, petitioner and his

/////

1

wife owned and operated a cleaning company.  (*Id.* at 14.)  Petitioner does not have a criminal record.  (*Id.*)

On May 20, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.)  In addition, if respondents opposed the court ruling on the underlying petition based on the present briefing, respondents were directed to indicate so and provide substantive reasons in support thereof in their opposition.  (*Id.*)

On May 22, 2026, respondents filed a combined opposition to the motion for temporary restraining order and response to the habeas petition.  (Doc. No. 6.)  Therein, respondents do not state any opposition to this court ruling on the underlying merits of the petition.  (*Id.*)  Pursuant to the court's prior order (Doc. No. 5), the court will now address the merits of the pending habeas petition.

Petitioner argues that his continued detention violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.  (Doc. No. 1 at 8.)  Respondents argue that petitioner is lawfully and mandatorily detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii).  (Doc. No. 6 at 1.)  Respondents further argue that this case is distinguishable from the cases cited in this court's order (*See* Doc. No. 5) because petitioner was "found to have [sic] fraudulent nexus to his entry into the United States."  (Doc. No. 6 at 1–2.)  The only evidence respondents have provided of this purported "fraudulent nexus" is an unsworn Form I-213 prepared by a deportation officer who does not claim to have personal knowledge of the facts asserted therein, nor does the officer explain where the information in the form is derived from. (Doc. No. 6-2 at 1–3.)  Therein, the officer merely states, "Subject has a TECS alert for fraud and visa was revoked."  (*Id.* at 2.)  Respondents have not explained what a "TECS alert for fraud" means, nor have they provided any information to suggest that petitioner actually engaged in fraud.  Despite the complete lack of supporting evidence, respondents argue that petitioner violated the conditions of his parole pursuant to § 1182(d)(5), and that it was within the agency's discretion to re-detain petitioner and subject him to mandatory detention absent notice, a hearing,

2

or any other form of process.  (Doc. No. 6 at 4.)  Respondents further argue that petitioner did not obtain a liberty interest in his continued release following his parole into the United States and that the statue "is the sole source of constitutional rights in the case of arriving aliens, and the statute here provides for mandatory detention."  (*Id.*)  Respondents' arguments are unavailing for multiple reasons.

First, regarding respondents' argument that petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), the court incorporates and adopts the reasoning set forth in its prior order *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR (HC), 2025 WL 3640678, at *2 (E.D. Cal. Dec. 16, 2025), in which the court explained that noncitizens who have been previously paroled pursuant to § 1182(d)(5) cannot be legally re-detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii).

Second, regarding respondents' argument that petitioner's parole was properly revoked, it appears that, in terminating petitioner's parole, respondents "failed entirely to take obligatory procedural steps" required by "either the parole statute or 8 C.F.R. § 212.5(e)(2)(i)."  *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144–46 (D. Or. 2025) (describing the requisite procedures to revoke parole pursuant to 8 U.S.C. § 1182, including providing written notice of revocation to the petitioner).  Respondents have not offered any other detention authority which could potentially justify petitioner's detention.  (*See* Doc. No. 6.)

Third, as this court explained in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025),[1] non-citizens paroled into the United States pursuant to § 1182(d)(5) obtain a liberty interest in their continued release, entitling them to certain due process protections, the extent of which are determined by applying the test provided in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  This court further concluded in *Rocha Chavarria* that the petitioner's re-detention absent notice and a hearing was unlawful

---

[1]  The court notes that it directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Rocha Chavarria*, among other cases (Doc. No. 5), yet in their argument asserting petitioner does not have a liberty interest in his continued release, respondents have neglected to even mention this case which is directly applicable. (Doc. No. 6 at 3–4.)

pursuant to the *Mathews* test. *Id.* at 4–5. The court incorporates that reasoning here and finds that petitioner's re-detention absent notice and a hearing was unlawful. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner Hellmunth Andres Stacey Hernandez, A-File No. 241-786-620, from respondents' custody on the same conditions he was subject to prior to his re-detention on March 26, 2026;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner no less than seven days' notice and a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Petitioner's motion for preliminary injunction (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting his habeas petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: __**May 29, 2026**__        _____

                                  DALE A. DROZD
                                  UNITED STATES DISTRICT JUDGE